UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRICK LEE,

        Petitioner,               Case No. 1:09-cv-717

v.                                            Honorable Robert J. Jonker

CAROL HOWES,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner Kendrick Lee presently is incarcerated at the Lakeland Correctional Facility. He currently is serving a prison term of 225 months to 50 years, imposed by the Kalamazoo County Circuit Court on May 30, 2006, after Petitioner pleaded *nolo contendere* to assault with intent to commit murder, MICH. COMP. LAWS § 750.83. Petitioner, through appellate counsel, filed a motion to correct an invalid sentence. The trial court denied the motion on March 1, 2007.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising a single issue: the trial court erred in denying Petitioner's motion to correct sentence because a mistake in the calculation of the sentencing guidelines resulted in an increased minimum sentence range. The court of appeals denied leave to appeal on May 14, 2007 for lack of merit in the grounds presented. Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court, which was denied on April 28, 2008.

On April 2, 2009, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court. In his motion, Petitioner contended that he received the ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of trial counsel for not objecting to the improper sentence scoring, which resulted in Petitioner being subjected to a higher minimum sentence range. The circuit court denied the motion on April 13, 2009.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which was denied on July 21, 2009, for failure to establish entitlement to relief under MICH. CT. R. 6.508(D). On August 3, 2009, Petitioner filed an application for leave to appeal to the Michigan Supreme Court. That application remains pending.

Also on August 3, 2009, Petitioner signed the instant habeas application, which was received by this Court on August 5, 2009. In his application, Petitioner raises the following claims (verbatim):

> I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO CORRECT INVALID SENTENCE WHERE THE PARTIES ADDED THE OFFENSE VARIABLE INCORRECTLY INCREASING THE SENTENCE GUIDELINES RANGE.
>
> II. TRIAL COUNSEL'S INEFFECTIVENESS FOR TRIAL COUNSEL'S FAILURE TO OBJECT TO IMPROPER SCORING WHICH SUBJECTED DEFENDANT TO A HIGHER GUIDELINES GRID SCORE THEREFORE INVALID SENTENCE.
>
> III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN NOT HOLDING A GINTHER – TO EXPAND THE EXISTING RECORD AND FOR FAILING TO ARGU[E] THE ISSUE OF *APPRENDI*.

(Pet., 6-9, docket #1-1.) With his habeas application, Petitioner also filed a motion to hold the habeas petition in abeyance pending the Supreme Court's issuance of a decision on his application for leave to appeal the denial of his motion for relief from judgment.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513

U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As set forth earlier in this opinion, Petitioner fully exhausted his first ground for habeas relief on direct appeal. His remaining two issues of ineffective assistance of trial and appellate counsel were raised for the first time in his motion for relief from judgment.[1] The Michigan Supreme Court has not yet ruled on his application for leave to appeal from the denial of that motion.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Because the Michigan Supreme Court has not yet ruled, he has not yet fully exhausted his second and third grounds for relief. Because the application for leave to appeal to the Michigan Supreme Court was timely filed, this Court concludes that he has at least one available state remedy: to await disposition by the Michigan Supreme Court.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to

---

[1] It is not entirely clear from the petition whether Petitioner has raised for the first time additional bases for his claim of ineffective assistance of appellate counsel. To the extent that these claims are new in the habeas application, Petitioner has not exhausted the claims at any level of state-court review.

dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Petitioner has filed a motion (docket #3) to hold his petition in abeyance pending exhaustion of his unexhausted claims.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on April 28, 2008. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 28, 2008. Accordingly, absent tolling, Petitioner

had one year, until July 28, 2009, in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court.

Petitioner filed a motion for relief from judgment on April 2, 2009, thereby tolling the statute of limitations under 28 U.S.C. § 2244(d)(2). The statute will remain tolled until the Michigan Supreme Court issues its decision. At the time Petitioner filed his motion, he had 117 days remaining in his one-year period of limitations. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion to hold the petition in abeyance and will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   September 17, 2009            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE